IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JIMMIE CALLUM, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:14-cv-03481-BHH |
| v. ) | |
| ) | |
| SOUTH CAROLINA CVS ) | |
| PHARMACY, LLC, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## BRIEF IN OPPOSITION OF DEFENDANT'S MOTION FOR PROTECTION ORDER

Plaintiff, Jimmie Callum, Jr., respectfully submits this Brief in Opposition of Defendant's Motion for Protective Order. In an abundance of caution, Plaintiff does not object to a Protective Order preventing Plaintiff from contacting by any means Defendants, Defendants' witnesses or potential witnesses, or Defendants' employees in this case; however, Plaintiff objects to an imposition of sanctions on Plaintiff as Plaintiff has not committed any misconduct and respectfully shows as follows:

In this action, countless medical records of Plaintiff have been provided to Defendants and depositions of several medical professionals have been conducted as well. Plaintiff has Post-Traumatic Stress Disorder (PTSD) and "other, occasionally severe, symptoms associated with PTSD, including extreme agoraphobia." (Verified First Amended Compl. ¶47.) Defendants have chosen snapshots of information exchanged in discovery; however, to properly understand the true nature of the

statements and documents, one must read the entirety of the documents rather than mere snippets of conversations.

Plaintiff, Jimmie Callum, Jr., was a member of the United States Marine Corps and received full disability benefits due to his condition as a result of his service. Despite his condition, Plaintiff obtained a license for a concealed weapons permit from the State of South Carolina Law Enforcement Division after receiving personal weapons training at the residence of Fletcher Armstrong, a fellow Marine Corps veteran. According to Jimmie Callum, Jr.'s affidavit, Plaintiff and Mr. Armstrong began training and then "took a break to go pick up lunch that we brought back to his residence." (Callum Decl. ¶7, attached hereto as "Exhibit A")

In April of 2014, Redacted

(*Id.*)

As noted in Defendant's Exhibit B, when asked, Redacted

---

[1] Pursuant to this Court's February 11, 2016 Confidentiality Order, Paragraph 6 [Docket No. 64], portions of and attachments to this brief that relate to or reflect conversations between Plaintiff and his healthcare providers regarding Plaintiff's medical condition and Plaintiff's medical records have been redacted, and the unredacted version will be submitted to the Court for *in camera* review.

Redacted

On or about June 17, 2016, Plaintiff contacted Mr. Armstrong via telephone. Mr. Callum recorded the phone call and provided the recording to Clark and Associates, Inc., for transcription. (Transcription of Media File Exhibit "C") Despite Mr. Armstrong's sworn affidavit in which he attests, under oath, that Mr. Callum questioned, "Why are you lying on me?" and "That's messed up." (Armstrong Decl. ¶ 13, attached as Exhibit "D" to Defendant's Brief In Support of Motion for Protective Order) The transcription of the recording verifies that Mr. Callum never stated what Mr. Armstrong claims under oath. The audio recording establishes that Mr. Armstrong was abrasive with Plaintiff and used several obscenities throughout the conversation. The tone of voice of Mr. Armstrong and the obscenities utilized with the calm Plaintiff would lead one to conclude that Mr. Callum did not in fact threaten Mr. Armstrong. Since the time of the conversation between Mr. Armstrong and Plaintiff, Plaintiff has not contacted nor attempted to contact Mr. Armstrong.

The recording establishes the direct quotations attested to by Mr. Armstrong under oath in a sworn affidavit were frankly untrue and would lead one to conclude that perhaps Mr. Armstrong is not being truthful about the purported act of vandalism at his residence that both he and opposing counsel assume to be the work of Plaintiff despite Mr. Armstrong's failure to mention or allude to the same during the recorded telephone conversation.

Mr. Armstrong attest that, shortly after the May hearing, he received a hang up call on his cell phone from 843-509-XXXX. (Armstrong Decl. ¶ 10) Furthermore, Mr.

Armstrong attests that he called the number back and did not get a response. (Armstrong Decl. ¶ 10.) Plaintiff's counsel is in possession of Plaintiff, Jimmie Callum, Jr.'s, phone bills which logs all incoming and outgoing calls and records the numbers and lengths of time of each call. The Verizon call logs and have been provided to opposing counsel and, upon request, can be provided to the Court. No phone calls, neither incoming or outgoing, occurred between the numbers on Mr. Callum's Verizon accounts and Mr. Armstrong's cell phone apart from the June 17, 2016 phone calls which subsequently led to the recorded call noted above. Thus, Mr. Armstrong's allegations made under oath in his sworn affidavit regarding the May phone calls are untrue as well.

## ARGUMENT

In an abundance of caution, Plaintiff and Plaintiff's counsel consent to a Protective Order to Defendants, Defense witnesses, and Defendants' employees; however, Plaintiff objects to the imposition of sanctions for misconduct as none has taken place. Plaintiff admits to contacting Mr. Armstrong and submits the transcript of the audio recording to the Court. At no point in the conversation did Plaintiff threaten Mr. Armstrong. The transcript of the audio recording establishes that Mr. Armstrong's sworn affidavit is untruthful and questions the very nature of his character as a witness. Unlike in Crowley v. Spivey, 329 S.E.2d 774, 285 S.C. 397 (1985), where the South Carolina Court of Appeals rules that the parents of a woman suffering from a mental illness who had recently purchased gun had a common law duty to supervise the woman visitation with her children, Plaintiff has possessed a concealed weapons permit since December 2012 prior to all the discriminatory acts of each Defendant in this case and not one

instance has been reported in which Plaintiff has harmed, attempted to harm, or brandished a firearm at the Defendants.

Despite the foregoing evidence and the lack of any evidence establishing actual violent acts or threats of violence backed by a plan seen as a concern by any of Plaintiff's physicians, Plaintiff will consent to a Protective Order but remains firm that no evidence of misconduct exists on Plaintiff's behalf. Defendant's use of the affidavit of Fletcher Armstrong which contains untruthful statements sworn to under oath brings his credibility into question and, thus, he assertions that he felt threatened or was harassed and is in need of a Protective Order of this Court.

## CONCLUSION

In light of the foregoing, Plaintiff respectfully requests an Order of this Court as follows:

(1) Issuing a protective order enjoining the Plaintiff from (a) communicating or attempting to communicate with in any way, including via in person, phone, text, email, or other electronic communication, with Defendant's witnesses, Defendants' employees, or Defendants; and (b) assaulting or attempting to assault Defendant's witnesses, Defendants' employees, or Defendants, or inflicting any harm or damage on Defendant's witnesses', Defendants' employees', or Defendants' person or property.

(2) Denying attorneys' fees and costs associated with the instant motion and denying any instruction to the jury at the time of trial.

Respectfully submitted this 4th day of August 2016.

*s/ James T. Irvin, Jr.*
_____
Irvin Law Firm, LLC
P.O. Box 2677
Myrtle Beach, SC 29578
Telephone (843) 445-6200
Fax (843) 445-6202
irvinlawfirm@aol.com